WILLIAM COOKSEY ET AL., Respondents, v. HENRY C CROOKS, Appellant.

Kansas City Court of Appeals, December 6, 1836.

CASE ADJUDGED.—The court, after having examined the objections urged by appellant, is satisfied that no error was committed, materially affecting the merits of the action.

APPEAL from Grundy Circuit Court, HON. G. D. BURGESS. Judge.

*Affirmed.*

George Hall and A. G. Knight, for the appellant.

I. The statement of plaintiffs' cause of action alleges that they bought the timber of Dennis, but that it was on defendant's land, and as it does not allege that it was Dennis' timber, and as it was on defendant's land, the presumption is that it was defendant's timber, and the statement did not state facts sufficient to constitute a cause of action against defendant. The court, therefore, erred in overruling defendant's demurrer, or objection to the introduction of the testimony offered by plaintiffs. As there was but one instruction asked or given on behalf of plaintiffs, which was given by the court of its own motion, it should have been formed so as to embrace all the issues in the case, which it did not. [The instruction complained of is as follows: "If the jury believe, from the evidence, that defendant and one Dennis entered into a contract, by the terms of which Dennis was to clear the timber and brush standing on thirty acres of land, for and in consideration of said timber; and that Dennis sold to William Cooksey sixteen thousand feet of said timber, and that he afterwards sold the same to the plaintiff, Thomas Cooksey, and that after the same had been cut down and sawed into proper lengths for saw logs, defendant refused to let plaintiff remove a portion thereof and notified him not to do so, they will find for the plaintiff and assess his damages at whatever sum, if anything, they may believe said logs so held by defendant to have been worth, at the time defendant notified plaintiff not to move the same"]. According to plaintiffs' own testimony Dennis was not entitled to remove the timber until the clearing was done, etc. This was an important issue which was wholly ignored by the instruction—the court basing the whole right to recover on defendant's notice to plaintiffs not to

remove the timber. This instruction is, therefore, erroneous. *Crews v. Lackland*, 67 Mo. 619; *Seymour v. Seymour*, 67 Mo. 303; *Bank v. Murdock*, 62 Mo. 70; *Wyatt v. Railroad*, 62 Mo. 408; *Fitzgerald v. Haywood*, 50 Mo. 526.

II. Plaintiffs could not acquire by his purchase from Dennis a right or title to the timber which Dennis did not possess. And as the testimony offered by defendant tended to establish this defence, and the instructions asked for defendant and refused were based upon this testimony, the court erred in refusing these instructions. *Singer v. Goldenberg*, 17 Mo. App. 549; *Maupin v. Mining Co.*, 78 Mo. 24; *Cahn v. Reid*, 18 Mo. App. 116.

N. A. WINTERS, W. W. WITTEN and A. H. BURKEHOLDER, for the respondents.

I. The statement of plaintiffs was sufficient to apprise defendant of the nature of plaintiffs' claim, and is sufficiently specific to be a bar to another action. The presumption, from the facts stated, is, that Dennis was the owner of the timber at the time of the sale to plaintiffs. Proceedings before justices of the peace are regarded liberally as to forms by the policy of the law. *Caldwell v. Fea*, 54 Mo. 55; *Harrington v. Fortner*, 58 Mo. 468; *Iba v. Railroad*, 45 Mo. 469; *City of Kansas v. Johnson*, 78 Mo. 665: *Apitz v. Railroad*, 17 Mo. App. 419.

II. The instruction given for plaintiffs did embrace all the issues. Whether the clearing had been done before plaintiffs attempted to remove the timber sued for was not an important issue in the case, nor one that should have been covered by an instruction on behalf of plaintiffs. The evidence shows that an unconditional sale of the sixteen thousand feet of timber was made to plaintiffs, and that with the knowledge of defendant. *Insurance Co. v. St. Mary's Seminary*, 52 Mo. 480; *Peck v. Ritchey*, 66 Mo. 114; *Maxwell v. Railroad*, 85 Mo. 95.

Vol. xxiii—30

III.    Even if there was a technical error in the in-struction given for plaintiffs (which we deny), it did not prevent substantial and exact justice as to the parties, and there ought not to be reversal on this account.    The case was fairly presented to the jury, and unless there was such error as materially affects the merits of the action, the judgment should be affirmed.    *Newcomb v. Blakely*, 1 Mo. App. 289 ; *The State ex rel., etc., v. Edwards*, 78 Mo. 473 ; *Blewett v. Railroad*, 72 Mo. 583. When the cost of a re-trial would be almost as much as the whole amount in controversy, unless it clearly appears that the jury have been misled to the prejudice of the appellant, this court will not interfere.    *Porter v. Harrison*, 52 Mo. 52.

ELLISON, J.—This action was instituted before a justice of the peace for the value of seven thousand feet of saw timber converted by defendant.    On appeal to the circuit court plaintiffs recovered judgment, and defendant appeals to this court.

The instruction given by the court was proper, under the evidence in the cause, and that evidence is sufficient to sustain the verdict.

We have examined the objections urged by appellant, and are satisfied no error was committed "materially affecting the merits of the action."    Rev. Stat., sect. 3775.

The judgment is, therefore, affirmed.    All concur.